AO 106 (Rev. 04/10) Application for a Search Warrant

FILED

JAN 1 8 2019

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                    DEPUTY

# UNITED STATES DISTRICT COURT

### for the

### Southern District of California

In the Matter of the Search of )
)
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )          Case No.
)
)     **19MJ0252**
Black Samsung CDMA-SM-928V Galaxy S6 Edge+ )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A (herein incorporated by reference)

located in the _____Southern_____ District of _____California_____ , there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B (herein incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 18 USC 2251, 2252, 2252A | Sexual Exploitation of Children, Certain Offenses Related to Material Involving the Sexual Exploitation of Children,  Certain Activities Relating to Material Constituting or Containing Child Pornography |

The application is based on these facts:
See Affidavit (herein incorporated by reference)

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Special Agent Michelle Hart, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: ___1│18│19___

*Judge's signature*

City and state: San Diego, California                Honorable Linda Lopez, U.S. Magistrate Judge
*Printed name and title*



## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Michelle E. Hart, being duly sworn, hereby state as follows:

### INTRODUCTION

1.     I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been so employed since July 2015.  I am currently assigned to the Violent Crimes Squad of the San Diego Field Office, where I primarily investigate crimes concerning child exploitation and the receipt, possession, production, advertisement, and transmission of child pornography.

2.     My experience as an FBI Agent has included the investigation of cases involving the use of computers and the Internet to commit crimes.  I have received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer crimes, computer evidence identification, child pornography identification, computer evidence seizure and processing, and various other criminal laws and procedures.  I have personally participated in the execution of search warrants involving the search and seizure of computer equipment.

3.     I make this affidavit in support of an application by the United States of America for a search warrant for a Black Samsung CDMA-SM-928V Galaxy S6 Edge+ (**Target Phone**), as described in Attachment A, currently located the San Diego Regional Computer Forensics Laboratory (RCFL), 10385 Vista Sorrento Parkway, San Diego, CA 92121, in the Southern District of California, to search for items that constitute evidence, fruits, and instrumentalities of violations of federal criminal law, namely, 18 U.S.C. §§ 2251, 2252, and 2252A, as further described in Attachment B.

4.     The information set forth in this affidavit is based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of

1  documents and computer records related to this investigation, communications with
2  others who have personal knowledge of the events and circumstances described
3  herein, and information gained through my training and experience.  Because this
4  affidavit is submitted for the limited purpose of establishing probable cause in
5  support of the application for a search warrant for the **Target Phone**, it does not set
6  forth each and every fact that I or others have learned during the course of this
7  investigation.

8                      **FACTS IN SUPPORT OF PROBABLE CAUSE**

9       5.     On March 14, 2018, at approximately 4:20 PM, a La Mesa Police
10 Department (LMPD) Officer took an initial crime report of possible production of
11 child pornography.  The night before the report was taken, MV-1, a five-year old,
12 told her mother that she did not like KARL ROBERT HEUSNER (HEUSNER)
13 because he had "opened her underwear and taken pictures of her 'nene'."  MV-1
14 uses the term "nene" to refer to her genitals.  At the time of the disclosure, MV-1's
15 father was listening from around the corner.

16      6.     According to her father, HEUSNER babysits MV-1 about once a month
17 at his home in La Mesa, California, which was located in the Southern District of
18 California.

19      7.     On March 15, 2018, MV-1 was forensically interviewed at Rady
20 Children's Chadwick Center.  The interview was recorded on CCTV and the LMPD
21 Detective assigned to the investigation observed the interview from an adjacent
22 viewing room.

23      8.     During the forensic interview, MV-1 was able to distinguish not
24 knowing the answer to a question asked by the interviewer and was also able to
25 correct the interviewer when she made a verbal mistake.  She also agreed to tell the
26 truth to the interviewer and only talk about events that actually happened.  MV-1
27 disclosed that HEUSNER "takes off her clothes sometimes" and said that

1  HEUNSER had taken pictures of her on two different occasions.  She explained that
2  she was in HEUSNER'S bedroom when he took off her clothes.  MV-1 explained
3  that HEUSNER gave her treats after he was "trying to get a picture of her private."
4  MV-1 told him no, but later stated that HEUSNER did not listen and he still took a
5  picture of her privates with his phone.  MV-1 described the phone as having a cat on
6  the back, and stated HEUSNER only has one phone.  When the forensic interviewer
7  asked MV-1 which body part HEUSNER photographed, she placed it in her lap, and
8  stated, "my nene private."  MV-1 stated that HEUSNER took pictures of her private
9  on two occasions.  She stated that HEUSNER also took a picture of her leg bone and
10 hand bone.  MV-1stated that HEUSNER did not take a picture of any other of her
11 privates, nor tried to do anything else to her privates.

12      9.      On March 15, 2018, a Superior Court of California Judge authorized
13 the search of HEUSNER'S residence, person, and vehicles.  Later that same day,
14 LMPD Detectives executed the search warrant at HEUSNER'S residence.  During
15 the search, the **Target Phone**, two laptops, a video camera, compact discs, VHS
16 tapes, floppy disks, a tablet, and two hard drives were seized as evidence in the
17 investigation.

18      10.     During the execution of the search warrant, HEUSNER participated in
19 a brief non-custodial interview on scene. HEUSNER claimed that he had not viewed
20 child pornography, taken any pornographic pictures of children, or possessed any
21 child pornography. HEUSNER provided the interviewing Detective with the unlock
22 pattern for the **Target Phone**.

23      11.     On March 21, 2018, a Superior Court of California Judge authorized
24 the search of the electronic items seized during the execution of the previous search
25 warrant.  On March 22, 2018 at approximately 3:00 PM, the LMPD Detective
26 executed the search warrant at the San Diego Regional Computer Forensics
27 Laboratory (RCFL).  Prior to downloading the **Target Phone**, the LMPD Detective

1   initiated a preview of the phone using the unlock pattern HEUSNER had previously
2   provided to the Detective.  In the Google Photos application on the phone, the
3   Detective observed three images of a nude prepubescent female.  In one of the
4   images, the prepubescent female's face was visible and she was lying back with a
5   shirt on, no clothing below her waist, with her legs spread open and her genitalia is
6   clearly visible, displayed in a lewd and lascivious manner, to the camera.  The LMPD
7   Detective recognized the prepubescent female as MV-1.  The LMPD Detective
8   immediately left the San Diego RCFL and arrested HEUSNER at his residence.
9   HEUSNER was charged with violation of California Penal Code (PC) Sections
10  311.1(A) – send/sell obscene matter depicting minor, and 311.11(A) – possess/etc
11  obscene matter of minor in sexual act.

12      12.    On March 23, 2018, the LMPD Detective re-accessed the **Target**
13  **Phone** and located the three images described above.  The LMPD Detective took
14  screenshots of the phone's display to document the images as shown on March 23,
15  2018.    I have reviewed the images documented by the LMPD Detective and
16  determined they constitute child pornography as defined in 18 U.S.C. § 2256.  The
17  detective also took a screenshot, which displayed thumbnail images of photos on the
18  phone.  Based on the screenshot, all three photos appear to have been taken on
19  Saturday, March 3.

20      13.    On March 28, 2018, the LMPD Detective took the **Target Phone** to a
21  member of the San Diego Internet Crimes Against Children Task Force to have it
22  wexamined.  The Task Force Officer downloaded the data from the Target Phone
23  using a Cellebrite device and provided the **Target Phone** and a disk containing a
24  copy of the Cellebrite results to the LMPD Detective.

25      14.    On April 2, 2018, the LMPD Detective accessed the **Target Phone** to
26  continue examining it for additional evidence.  The LMPD Detective enabled WiFi
27  access and connected to a network in order to determine what Google email account

1   was associated with the Google Photos application folder where the pornographic
2   images of S.A. were initially located. The email address was
3   "sdkaliguy619@gmail.com. The LMPD Detective then placed the **Target Phone**
4   back on airplane mode thereby disabling the phone's access to the internet. When
5   the Detective attempted to relocate the pornographic images of the minor victim in
6   the Google Photos application folder, the photos were no longer present. A
7   preservation letter was sent to Google Inc. on April 3, 2018.

8       15.   On April 26, 2018, HEUSNER was arrested on a federal complaint
9   charging him with violating 18 U.S.C. § 2251(a), sexual exploitation of children.
10  One May 31, 2018, HEUSNER waived indictment and was charged in a one-count
11  information with violating 18 U.S.C. § 2251(a), 18CR2658-BTM.

12      16. On May 18, 2018, a federal search warrant was served on Google LLC
13  for all subscriber and/or user information, all electronic mail, images, message,
14  histories, buddy lists, profiles, address books, chat logs, methods of payment,
15  detailed billing records, Internet Protocol (IP) logs, transactional data and any other
16  files associated with the email account sdkailguy619@gmail.com from March 1,
17  2017 to the present.

18      17.   On May 21, 2018, Google LLC responded to the search warrant and
19  provided account information and content associated with email account
20  sdkaliguy619@gmail.com.

21      18.   On May 24, 2018, I reviewed the Google search warrant return and
22  located the three images described above. Based on the file names, the images
23  appear to have been taken on March 3, 2018.

24      19.   Based on my training and experience, I know that the San Diego
25  Regional Computer Forensics Laboratory (RCFL) makes highly trained digital
26  forensic examiners available to support federal, state, and local investigations in the
27  San Diego area for impartial and objective analysis of digital evidence.

20.     In conversations with other Agents and RCFL experts, I have been told that the RCFL has additional tools beyond Cellebrite, which would likely identify and extract additional information stored on the **Target Phone**. Although the original forensic analysis using Cellebrite provided relevant investigative material, RCFL experts have informed me that a Cellebrite search alone does not provide an in-depth analysis of all of the information forensically available from the **Target Phone**. For example, Cellebrite may not capture all of the items deleted from a phone. Data deleted from phones has the potential to be recovered upon deeper examination by trained forensic experts. Deleted data, in many instances, remains in the phone's storage, waiting to be overwritten by new data being stored to the device.

21.     On June 13, 2018, the Honorable Karen S. Crawford, US Magistrate Judge, signed a federal search warrant (18MJ3272), herein attached as Exhibit 1, to examine the **Target Phone**. On June 13, 2018, I submitted the **Target Phone** and a copy of the search warrant to the RCFL. On September 18, 2018, I received an email from an RCFL examiner who stated that due to a significant backlog, the **Target Phone** had not been examined within the 90 day time period specified in the warrant. As a result, this request is being made to obtain new legal authority to examine the **Target Phone**.

22.     Based on the aforementioned facts set forth in this affidavit, it is believed that the **Target Phone** contains evidence that the user produced, possessed, and eventually deleted pornographic images of the minor victim. I am therefore requesting a warrant, so an RCFL expert or other trained law enforcement agent can forensically examine the **Target Phone** for evidence, fruits and instrumentalities, both present and deleted, as further described in Attachment B.

/ /

/ /

## CHARACTERISTICS OF INDIVIDUALS WHO
## SEXUALLY EXPLOIT CHILDREN

23.     As a result of my training and experience in child sexual exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals involved in the sexual exploitation of children:

a.     Individuals who sexually exploit children may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

b.     Individuals who sexually exploit children may collect sexually explicit or suggestive materials and oftentimes use these materials for their own sexual arousal and gratification.  Furthermore, they may use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.  Many of these communications are done online via email or instant messaging.

c.     Individuals who sexually exploit children almost always possess and maintain their "hard copies" of child pornographic material and other images of children used in their sexual exploitation, that is, their pictures, films, videos, correspondence, mailing lists, etc., in the privacy and security of their home or secure online accounts. These individuals typically retain this information for many years.

d.     Likewise, individuals who sexually exploit children often maintain their child pornography, other images of children, and discussions about the sexual exploitation of children in a safe, secure and private environment, such as an online account, computer, cellular phone, or in their residence.  These collections

1   are often maintained for several years and are kept accessible, to enable the collector

2   to view this material, which is valued highly.

3           e.     Individuals who sexually exploit children often correspond with

4   and/or meet others to share information and materials; are rarely able to completely

5   destroy correspondence from other child pornography distributors/collectors;

6   conceal correspondence as they do their sexually explicit material; and often

7   maintain lists of names, addresses, and telephone numbers of individuals with whom

8   they have been in contact and who share the same interests in child pornography or

9   the sexual exploitation of children.

10          f.     Individuals who sexually exploit children prefer not to be

11  without their child pornography and other images of children for any prolonged time

12  period.  Storage of this content in email accounts or cloud-based storage accounts

13  gives the offender the ability to access it from any computer.

14          g.     Oftentimes, individuals who sexually exploit children will

15  download and store images and communications of children they know or with

16  whom they have communicated.     These images many not necessarily be

17  pornographic or obscene in nature, however they are often used for their own sexual

18  gratification.

19      24.    Email and social media users, to include individuals who sexually

20  exploit children, often save online messages for extended periods of time.  This

21  information is usually saved automatically for the convenience of users.  During the

22  course of my investigative duties, I have reviewed dozens of email and social media

23  accounts, many of which contain messages that date back to the creation of the

24  account.    Furthermore, online users communicating with other like-minded

25  individuals often save messages so they can keep track of communications and easily

26  re-contact each other.

27

25.     Based on the foregoing information, there is reason to believe evidence and instrumentalities pertaining to violations of federal criminal law, namely, 18 U.S.C. §§ 2251, 2252, and 2252A, by HEUSNER exists on the **Target Phone**.

**PROCEDURES FOR ELECTRONICALLY STORED INFORMATION ON CELL PHONES**

26.     It is not possible to determine the nature and types of services to which the device is subscribed and the nature of the data stored on the device until one accesses the device. Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books can be mini-computers allowing for electronic mail services, web services, and rudimentary word processing. An increasing number of cellular service providers now allow for their subscribers to access their device over the internet and remotely destroy all of the data contained in the device. For that reason, the device may only be powered in a secure environment or, if possible, started in "flight mode" which disables access to the network. Unlike typical computers, many cellular telephones do not have hard drives or hard drive equivalents and store information in volatile memory within the device or in memory cards inserted into the device. Current technology provides some solutions for acquiring some of the data stored in some cellular telephone models using forensic hardware and software. Even if some of the stored information on the device may be acquired forensically, not all of the data subject to seizure may be so acquired. For devices that are not subject to forensic data acquisition or that have potentially relevant data stored that is not subject to such acquisition, the examiner must inspect the device manually and record the process and the results using digital photography. This process is time intensive and may take weeks or longer.

27.     Following the issuance of this warrant, I will collect the **Target Phone** and subject it to analysis.  All forensic analysis of the data contained within the telephone and its memory cards will employ search protocols directed exclusively to the identification and extraction of data within the scope of this warrant.

28.     Based on the foregoing, identifying and extracting data subject to seizure pursuant to this warrant may require a range of data analysis techniques, including manual review, and consequently, may take weeks or months.  The personnel conducting the identification and extraction of data will complete the analysis within ninety (90) days, absent further application to this court.

## GENUINE RISK OF DESTRUCTION OF DATA

29.     Based upon my experience and training, and the experience and training of other agents with whom I have communicated, electronically stored data can be permanently deleted or modified by users possessing basic computer skills.  In this case, only if the subjects receive advance warning of the execution of this warrant, will there be a genuine risk of destruction of evidence.

## PRIOR ATTEMPTS TO OBTAIN DATA

30.     Other than as described above, the United States has not attempted to obtain this data by other means.

## CONCLUSION

31.     Based on the foregoing, I believe there is probable cause to believe items that constitute evidence and instrumentalities of violations of federal criminal law, namely, 18 U.S.C. §§ 2251, 2252, and 2252A, as described in Attachment B, will be found at the properties to be searched, as provided in Attachment A.

_____
Michelle E. Hart
Special Agent
Federal Bureau of Investigation

10

Subscribed and sworn before me this ___18___ day of January, 2019.

_____
HONORABLE LINDA LOPEZ
United States Magistrate Judge

11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

# EXHIBIT 1

AO 106 (Rev. 04/10)  Application for a Search Warrant

# UNITED STATES DISTRICT COURT

FILED

JUN 1 3 2018

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                           DEPUTY

for the

Southern District of California

In the Matter of the Search of                )
*(Briefly describe the property to be searched*   )
*or identify the person by name and address)*     )        Case No.
                                              )
Black Samsung CDMA-SM-928V Galaxy S6 Edge+    )        18 MJ 3272
                                              )

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
See Attachment A (herein incorporated by reference)

located in the _____ Southern _____ District of _____ California _____, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment B (herein incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 2251, 2252, 2252A | Sexual Exploitation of Children, Certain Offenses Related to Material Involving the Sexual Exploitation of Children,  Certain Activities Relating to Material Constituting or Containing Child Pornography |

The application is based on these facts:
See Affidavit (herein incorporated by reference)

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Special Agent Michelle Hart, FBI
*Printed name and title*

Sworn to before me and signed in my presence.

Date: _6/13/18_

_____
*Judge's signature*

City and state:  San Diego, California        Honorable Karen S. Crawford, U.S. Magistrate Judge
                                              *Printed name and title*

**AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT**

I, Michelle E. Hart, being duly sworn, hereby state as follows:

**INTRODUCTION**

1.     I am a Special Agent (SA) with the Federal Bureau of Investigation (FBI), and have been so employed since July 2015.  I am currently assigned to the Violent Crimes Squad of the San Diego Field Office, where I primarily investigate crimes concerning child exploitation and the receipt, possession, production, advertisement, and transmission of child pornography.

2.     My experience as an FBI Agent has included the investigation of cases involving the use of computers and the Internet to commit crimes.  I have received training and gained experience in interviewing and interrogation techniques, arrest procedures, search warrant applications, the execution of searches and seizures, computer crimes, computer evidence identification, child pornography identification, computer evidence seizure and processing, and various other criminal laws and procedures.  I have personally participated in the execution of search warrants involving the search and seizure of computer equipment.

3.     I make this affidavit in support of an application by the United States of America for a search warrant for a Black Samsung CDMA-SM-928V Galaxy S6 Edge+ (**Target Phone**), as described in Attachment A, currently located the La Mesa Police Department Evidence Control Room, 8085 University Ave, La Mesa, CA 91942, in the Southern District of California, to search for items that constitute evidence, fruits, and instrumentalities of violations of federal criminal law, namely, 18 U.S.C. §§ 2251, 2252, and 2252A, as further described in Attachments B.

4.     The information set forth in this affidavit is based on my own personal knowledge, knowledge obtained from other individuals during my participation in this investigation, including other law enforcement officers, my review of documents and computer records related to this investigation, communications with

1

1   others who have personal knowledge of the events and circumstances described
2   herein, and information gained through my training and experience.  Because this
3   affidavit is submitted for the limited purpose of establishing probable cause in
4   support of the application for a search warrant for the **Target Phone**, it does not set
5   forth each and every fact that I or others have learned during the course of this
6   investigation.

## FACTS IN SUPPORT OF PROBABLE CAUSE

8      5.     On March 14, 2018, at approximately 4:20 PM, a La Mesa Police
9   Department (LMPD) Officer took an initial crime report of possible production of
10  child pornography.  The night before the report was taken, MV-1, a five-year old,
11  told her mother that she did not like KARL ROBERT HEUSNER (HEUSNER)
12  because he had "opened her underwear and taken pictures of her 'nene'."  MV-1
13  uses the term "nene" to refer to her genitals.  At the time of the disclosure, MV-1's
14  father was listening from around the corner.

15     6.     According to her father, HEUSNER babysits MV-1 about once a month
16  at his home in La Mesa, California, which was located in the Southern District of
17  California.

18     7.     On March 15, 2018, MV-1 was forensically interviewed at Rady
19  Children's Chadwick Center.  The interview was recorded on CCTV and the LMPD
20  Detective assigned to the investigation observed the interview from an adjacent
21  viewing room.

22     8.     During the forensic interview, MV-1 was able to distinguish not
23  knowing the answer to a question asked by the interviewer and was also able to
24  correct the interviewer when she made a verbal mistake.  She also agreed to tell the
25  truth to the interviewer and only talk about events that actually happened.  MV-1
26  disclosed that HEUSNER "takes off her clothes sometimes" and said that
27  HEUNSER had taken pictures of her on two different occasions.  She explained that

2

1   she was in HEUSNER'S bedroom when he took off her clothes.  MV-1 explained
2   that HEUSNER gave her treats after he was "trying to get a picture of her private."
3   MV-1 told him no, but later stated that HEUSNER did not listen and he still took a
4   picture of her privates with his phone.  MV-1 described the phone as having a cat on
5   the back, and stated HEUSNER only has one phone.  When the forensic interviewer
6   asked MV-1 which body part HEUSNER photographed, she placed it in her lap, and
7   stated, "my nene private."  MV-1 stated that HEUSNER took pictures of her private
8   on two occasions.  She stated that HEUSNER also took a picture of her leg bone and
9   hand bone.  MV-1 stated that HEUSNER did not take a picture of any other of her
10  privates, nor tried to do anything else to her privates.

11       9.      On March 15, 2018, a Superior Court of California Judge authorized
12  the search of HEUSNER'S residence, person, and vehicles.  Later that same day,
13  LMPD Detectives executed the search warrant at HEUSNER'S residence.  During
14  the search, the **Target Phone**, two laptops, a video camera, compact discs, VHS
15  tapes, floppy disks, a tablet, and two hard drives were seized as evidence in the
16  investigation.

17       10.     During the execution of the search warrant, HEUSNER participated in
18  a brief non-custodial interview on scene. HEUSNER claimed that he had not viewed
19  child pornography, taken any pornographic pictures of children, or possessed any
20  child pornography.  HEUSNER provided the interviewing Detective with the unlock
21  pattern for the **Target Phone**.

22       11.     On March 21, 2018, a Superior Court of California Judge authorized
23  the search of the electronic items seized during the execution of the previous search
24  warrant.  On March 22, 2018 at approximately 3:00 PM, the LMPD Detective
25  executed the search warrant at the San Diego Regional Computer Forensics
26  Laboratory (RCFL).  Prior to downloading the **Target Phone**, the LMPD Detective
27  initiated a preview of the phone using the unlock pattern HEUSNER had previously

3

1   provided to the Detective.  In the Google Photos application on the phone, the
2   Detective observed three images of a nude prepubescent female.  In one of the
3   images, the prepubescent female's face was visible and she was lying back with a
4   shirt on, no clothing below her waist, with her legs spread open and her genitalia is
5   clearly visible, displayed in a lewd and lascivious manner, to the camera.  The LMPD
6   Detective recognized the prepubescent female as MV-1. The LMPD Detective
7   immediately left the San Diego RCFL and arrested HEUSNER at his residence.
8   HEUSNER was charged with violation of California Penal Code (PC) Sections
9   311.1(A) – send/sell obscene matter depicting minor, and 311.11(A) – possess/etc
10   obscene matter of minor in sexual act.

11       12.   On March 23, 2018, the LMPD Detective re-accessed the **Target**
12   **Phone** and located the three images described above.  The LMPD Detective took
13   screenshots of the phone's display to document the images as shown on March 23,
14   2018.   I have reviewed the images documented by the LMPD Detective and
15   determined they constitute child pornography as defined in 18 U.S.C. § 2256.  The
16   detective also took a screenshot, which displayed thumbnail images of photos on the
17   phone.  Based on the screenshot, all three photos appear to have been taken on
18   Saturday, March 3.

19       13.   On March 28, 2018, the LMPD Detective took the **Target Phone** to a
20   member of the San Diego Internet Crimes Against Children Task Force to have it
21   examined.  The Task Force Officer downloaded the data from the Target Phone
22   using a Cellebrite device and provided the **Target Phone** and a disk containing a
23   copy of the Cellebrite results to the LMPD Detective.

24       14.   On April 2, 2018, the LMPD Detective accessed the **Target Phone** to
25   continue examining it for additional evidence.  The LMPD Detective enabled WiFi
26   access and connected to a network in order to determine what Google email account
27   was associated with the Google Photos application folder where the pornographic

images of S.A. were initially located. The email address was "sdkaliguy619@gmail.com. The LMPD Detective then placed the **Target Phone** back on airplane mode thereby disabling the phone's access to the internet. When the Detective attempted to relocate the pornographic images of the minor victim in the Google Photos application folder, the photos were no longer present. A preservation letter was sent to Google Inc. on April 3, 2018.

15.    On April 26, 2018, HEUSNER was arrested on a federal complaint charging him with violating 18 U.S.C. § 2251(a), sexual exploitation of children. One May 31, 2018, HEUSNER waived indictment and was charged in a one-count information with violating 18 U.S.C. § 2251(a), 18CR2658-BTM.

16.    On May 18, 2018, a federal search warrant was served on Google LLC for all subscriber and/or user information, all electronic mail, images, message, histories, buddy lists, profiles, address books, chat logs, methods of payment, detailed billing records, Internet Protocol (IP) logs, transactional data and any other files associated with the email account sdkailguy619@gmail.com from March 1, 2017 to the present.

17.    On May 21, 2018, Google LLC responded to the search warrant and provided account information and content associated with email account sdkaliguy619@gmail.com.

18.    On May 24, 2018, I reviewed the Google search warrant return and located the three images described above. Based on the file names, the images appear to have been taken on March 3, 2018.

19.    Based on my training and experience, I know that the San Diego Regional Computer Forensics Laboratory (RCFL) makes highly trained digital forensic examiners available to support federal, state, and local investigations in the San Diego area for impartial and objective analysis of digital evidence.

20.     In conversations with other Agents and RCFL experts, I have been told that the RCFL has additional tools beyond Cellebrite, which would likely identify and extract additional information stored on the **Target Phone**. Although the original forensic analysis using Cellebrite provided relevant investigative material, RCFL experts have informed me that a Cellebrite search alone does not provide an in-depth analysis of all of the information forensically available from the **Target Phone**. For example, Cellebrite may not capture all of the items deleted from a phone. Data deleted from phones has the potential to be recovered upon deeper examination by trained forensic experts. Deleted data, in many instances, remains in the phone's storage, waiting to be overwritten by new data being stored to the device.

21.     Based on the aforementioned facts set forth in this affidavit, it is believed that the **Target Phone** contains evidence that the user produced, possessed, and eventually deleted pornographic images of the minor victim. I am therefore requesting a warrant, so an RCFL expert or other trained law enforcement agent can forensically examine the **Target Phone** for evidence, fruits and instrumentalities, both present and deleted, as further described in Attachment B.

## CHARACTERISTICS OF INDIVIDUALS WHO
## SEXUALLY EXPLOIT CHILDREN

22.     As a result of my training and experience in child sexual exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain characteristics common to individuals involved in the sexual exploitation of children:

a.     Individuals who sexually exploit children may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually

1  suggestive poses, such as in person, in photographs, or other visual media; or from
2  literature describing such activity.

3        b.    Individuals who sexually exploit children may collect sexually
4  explicit or suggestive materials and oftentimes use these materials for their own
5  sexual arousal and gratification. Furthermore, they may use these materials to lower
6  the inhibitions of children they are attempting to seduce, to arouse the selected child
7  partner, or to demonstrate the desired sexual acts. Many of these communications
8  are done online via email or instant messaging.

9        c.    Individuals who sexually exploit children almost always possess
10  and maintain their "hard copies" of child pornographic material and other images of
11  children used in their sexual exploitation, that is, their pictures, films, videos,
12  correspondence, mailing lists, etc., in the privacy and security of their home or secure
13  online accounts. These individuals typically retain this information for many years.

14        d.    Likewise, individuals who sexually exploit children often
15  maintain their child pornography, other images of children, and discussions about
16  the sexual exploitation of children in a safe, secure and private environment, such as
17  an online account, computer, cellular phone, or in their residence. These collections
18  are often maintained for several years and are kept accessible, to enable the collector
19  to view this material, which is valued highly.

20        e.    Individuals who sexually exploit children often correspond with
21  and/or meet others to share information and materials; are rarely able to completely
22  destroy correspondence from other child pornography distributors/collectors;
23  conceal correspondence as they do their sexually explicit material; and often
24  maintain lists of names, addresses, and telephone numbers of individuals with whom
25  they have been in contact and who share the same interests in child pornography or
26  the sexual exploitation of children.

27

f.      Individuals who sexually exploit children prefer not to be without their child pornography and other images of children for any prolonged time period.  Storage of this content in email accounts or cloud-based storage accounts gives the offender the ability to access it from any computer.

g.      Oftentimes, individuals who sexually exploit children will download and store images and communications of children they know or with whom they have communicated.  These images many not necessarily be pornographic or obscene in nature, however they are often used for their own sexual gratification.

23.    Email and social media users, to include individuals who sexually exploit children, often save online messages for extended periods of time.  This information is usually saved automatically for the convenience of users.  During the course of my investigative duties, I have reviewed dozens of email and social media accounts, many of which contain messages that date back to the creation of the account.    Furthermore, online users communicating with other like-minded individuals often save messages so they can keep track of communications and easily re-contact each other.

24.    Based on the foregoing information, there is reason to believe evidence and instrumentalities pertaining to violations of federal criminal law, namely, 18 U.S.C. §§ 2251, 2252, and 2252A, by HEUSNER exists on the **Target Phone**.

**PROCEDURES FOR ELECTRONICALLY STORED INFORMATION ON CELL PHONES**

25.    It is not possible to determine the nature and types of services to which the device is subscribed and the nature of the data stored on the device until one accesses the device.  Cellular devices today can be simple cellular telephones and text message devices, can include cameras, can serve as personal digital assistants and have functions such as calendars and full address books can be mini-computers

1   allowing for electronic mail services, web services, and rudimentary word
2   processing. An increasing number of cellular service providers now allow for their
3   subscribers to access their device over the internet and remotely destroy all of the
4   data contained in the device. For that reason, the device may only be powered in a
5   secure environment or, if possible, started in "flight mode" which disables access to
6   the network. Unlike typical computers, many cellular telephones do not have hard
7   drives or hard drive equivalents and store information in volatile memory within the
8   device or in memory cards inserted into the device. Current technology provides
9   some solutions for acquiring some of the data stored in some cellular telephone
10  models using forensic hardware and software. Even if some of the stored
11  information on the device may be acquired forensically, not all of the data subject to
12  seizure may be so acquired. For devices that are not subject to forensic data
13  acquisition or that have potentially relevant data stored that is not subject to such
14  acquisition, the examiner must inspect the device manually and record the process
15  and the results using digital photography. This process is time intensive and may
16  take weeks or longer.

17      26.    Following the issuance of this warrant, I will collect the **Target Phone**
18  and subject it to analysis. All forensic analysis of the data contained within the
19  telephone and its memory cards will employ search protocols directed exclusively
20  to the identification and extraction of data within the scope of this warrant.

21      27.    Based on the foregoing, identifying and extracting data subject to
22  seizure pursuant to this warrant may require a range of data analysis techniques,
23  including manual review, and consequently, may take weeks or months. The
24  personnel conducting the identification and extraction of data will complete the
25  analysis within ninety (90) days, absent further application to this court.

26
27

1

2

3

4

5

6

7

8

9

10

11

12

13

14

### GENUINE RISK OF DESTRUCTION OF DATA

28.    Based upon my experience and training, and the experience and training of other agents with whom I have communicated, electronically stored data can be permanently deleted or modified by users possessing basic computer skills.  In this case, only if the subjects receive advance warning of the execution of this warrant, will there be a genuine risk of destruction of evidence.

### PRIOR ATTEMPTS TO OBTAIN DATA

29.    Other than as described above, the United States has not attempted to obtain this data by other means.

### CONCLUSION

30.    Based on the foregoing, I believe there is probable cause to believe items that constitute evidence and instrumentalities of violations of federal criminal law, namely, 18 U.S.C. §§ 2251, 2252, and 2252A, as described in Attachment B, will be found at the properties to be searched, as provided in Attachment A.

15

16

17

18

19

Michelle E. Hart
Special Agent
Federal Bureau of Investigation

20

21

Subscribed and sworn before me this _____ 13 _th_ day of June, 2018.

22

23

24

25

HONORABLE KAREN S. CRAWFORD
United States Magistrate Judge

26

27

## **ATTACHMENT A**

## **DESCRIPTION OF ITEM TO BE SEARCHED**

The item to be searched is a Black Samsung CDMA-SM-928V Galaxy S6 Edge+ located at the La Mesa Police Department Evidence Control Room, 8085 University Ave, La Mesa, CA 91942, in the Southern District of California.

## **ATTACHMENT B**

## **LIST OF ITEMS TO BE SEIZED**

Authorization is sought to search for and seize evidence that relates to the violations of 18 U.S.C. §§ 2251, 2252, and 2252A. The search of the **Target Phone** will be conducted in accordance with the "Procedures for Electronically Stored Information" provided in the affidavit submitted in support of this warrant. This authorization includes the search of electronic data to include deleted data, remnant data, and slack space, including evidence reflecting use, dominion and control of the device such as communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

a. tending to indicate efforts to produce, send/distribute, receive or possess child pornography as defined by 18 U.S.C. § 2256;

b. tending to identify other facilities, storage devices, or services–such as email addresses, IP addresses, phone numbers–that may contain electronic evidence tending to produce, send/distribute, receive or possess child pornography as defined by 18 U.S.C. § 2256;

c. tending to identify co-conspirators, criminal associates, or others involved in producing, sending/distributing, receiving or possessing child pornography as defined by 18 U.S.C. § 2256;

d. tending to identify the user of, or persons with control over or access to the **Target Phone**; or

e. tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

## NOT FOR PUBLIC VIEW

AO 93 (Rev. 11/13) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
Southern District of California

In the Matter of the Search of    )
*(Briefly describe the property to be searched*    )
*or identify the person by name and address)*    )    Case No.   **18MJ3272**
    )
Black Samsung CDMA-SM-928V Galaxy S6 Edge+    )
    )
    )

## SEARCH AND SEIZURE WARRANT

To:    Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the _____ Southern _____ District of _____ California _____
*(identify the person or describe the property to be searched and give its location)*:

See Attachment A (herein incorporated by reference)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment B (herein incorporated by reference)

**YOU ARE COMMANDED** to execute this warrant on or before _____ 6/27/18 _____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____ Honorable Karen S. Crawford _____ .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
☐ for _____ days *(not to exceed 30)*    ☐ until, the facts justifying, the later specific date of _____ .

Date and time issued:    6/13/18 @ 9:30 AM _____
                                                              *Judge's signature*

City and state:    San Diego, California _____    Honorable Karen S. Crawford, U.S. Magistrate Judge
                                                              *Printed name and title*

AO 93  (Rev. 11/13) Search and Seizure Warrant (Page 2)

| Return | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |

Inventory of the property taken and name of any person(s) seized:

### Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.


Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

## DESCRIPTION OF ITEM TO BE SEARCHED

The item to be searched is a Black Samsung CDMA-SM-928V Galaxy S6 Edge+ located at the La Mesa Police Department Evidence Control Room, 8085 University Ave, La Mesa, CA 91942, in the Southern District of California.

## **ATTACHMENT B**

### **LIST OF ITEMS TO BE SEIZED**

Authorization is sought to search for and seize evidence that relates to the violations of 18 U.S.C. §§ 2251, 2252, and 2252A. The search of the **Target Phone** will be conducted in accordance with the "Procedures for Electronically Stored Information" provided in the affidavit submitted in support of this warrant.   This authorization includes the search of electronic data to include deleted data, remnant data, and slack space, including evidence reflecting use, dominion and control of the device such as communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

     a.     tending to indicate efforts to produce, send/distribute, receive or possess child pornography as defined by 18 U.S.C. § 2256;

     b.     tending to identify other facilities, storage devices, or services–such as email addresses, IP addresses, phone numbers–that may contain electronic evidence tending to produce, send/distribute, receive or possess child pornography as defined by 18 U.S.C. § 2256;

     c.     tending to identify co-conspirators, criminal associates, or others involved in producing, sending/distributing, receiving or possessing child pornography as defined by 18 U.S.C. § 2256;

     d.     tending to identify the user of, or persons with control over or access to the **Target Phone**; or

     e.     tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.

## ATTACHMENT A

## DESCRIPTION OF ITEM TO BE SEARCHED

The item to be searched is a Black Samsung CDMA-SM-928V Galaxy S6 Edge+ located at the San Diego Regional Computer Forensics Laboratory (RCFL), 10385 Vista Sorrento Parkway, San Diego, CA 92121, in the Southern District of California.

## ATTACHMENT B

### LIST OF ITEMS TO BE SEIZED

Authorization is sought to search for and seize evidence that relates to the violations of 18 U.S.C. §§ 2251, 2252, and 2252A. The search of the **Target Phone** will be conducted in accordance with the "Procedures for Electronically Stored Information" provided in the affidavit submitted in support of this warrant. This authorization includes the search of electronic data to include deleted data, remnant data, and slack space, including evidence reflecting use, dominion and control of the device such as communications, records, or data including but not limited to emails, text messages, photographs, audio files, videos, or location data:

a.      tending to indicate efforts to produce, send/distribute, receive or possess child pornography as defined by 18 U.S.C. § 2256;

b.      tending to identify other facilities, storage devices, or services–such as email addresses, IP addresses, phone numbers–that may contain electronic evidence tending to produce, send/distribute, receive or possess child pornography as defined by 18 U.S.C. § 2256;

c.      tending to identify co-conspirators, criminal associates, or others involved in producing, sending/distributing, receiving or possessing child pornography as defined by 18 U.S.C. § 2256;

d.      tending to identify the user of, or persons with control over or access to the **Target Phone**; or

e.      tending to place in context, identify the creator or recipient of, or establish the time of creation or receipt of communications, records, or data above.